O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN MAXWELL,<br><br>         Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>         Defendant. | Case No. SACV 11-0202 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.    Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions of plaintiff's treating physicians.**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Disputed Issue No. 2 is directed to the ALJ's failure to credit the opinions of plaintiff's mental limitations reflected on a Work Capacity Evaluation (Mental) form completed by Dr. Gonzales on May 27, 2009 (see AR 797-98), or the opinions of plaintiff's physical limitations reflected on an evaluation form dated February 26, 2010 that plaintiff contends was completed by one of her treating physicians (see AR 833-34).[2] (See Jt Stip at 17-28.)[3]

The Court finds that the reasons given by the ALJ at AR 16-17 for not crediting those treating physician opinions were supported by the record and legally sufficient. See, e.g., Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting the treating physician's opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and

---

[2] The Court cannot help but find it curious that plaintiff's counsel, whose law firm had obtained and forwarded the form, was unable to advise the ALJ at the administrative hearing of the identity of the person who signed the form.

[3] In this part of the Joint Stipulation, plaintiff also discussed the ALJ's rejection of some of the opinions rendered by the medical expert at the administrative hearing, whose testimony plaintiff acknowledges was "confusing." (See Jt Stip at 22-24.) However, the Court is not addressing the ALJ's rejection of those opinions because plaintiff framed Disputed Issue No. 2 as "[w]hether the ALJ properly considered the treating physicians' opinions." (See Jt Stip at 3.)

inadequately supported by clinical findings."); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion). To the extent that Dr. Gonzales's opinions as to plaintiff's functional limitations conflicted with the opinions of the consultative examiner, Dr. Bagner (see AR 340-43), it was within the ALJ's province to resolve those conflicts adversely to plaintiff. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986) ("In the absence of any conclusive medical evidence on the issue, it is the function of the Secretary to resolve questions of resolutions of conflicts in the evidence."); Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made."); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion based on his own independent physical examination of the claimant constitutes substantial evidence on which the ALJ properly could rely).

Accordingly, the Court rejects plaintiff's contention that reversal is warranted based on the ALJ's alleged failure to properly consider the treating physicians' opinions.

**B.    The Court is unable to affirm the ALJ's Step Four determination.**

Disputed Issue No. 1 is directed to the ALJ's vocational determination. Plaintiff contends that the ALJ erred in finding that plaintiff was capable of performing her past relevant work as a general office clerk because (a) the ALJ failed to discuss any of the actual physical and mental demands of that job, as required by

Social Security Ruling[4] ("SSR") 82-62, and (b) plaintiff's past relevant work as a general office clerk requires demands in excess of plaintiff's residual functional capacity ("RFC"). (See Jt Stip at 3-9.)

As to the first alleged error, the Commissioner contends that "[p]laintiff's own description of her past relevant work is 'clerical/customer service' established the requisite demands of that job." (See Jt Stip at 14, citing AR 176-77.) The Court concurs.

However, the Court concurs with plaintiff that the ALJ erred in relying on the vocational expert's testimony that a hypothetical person whose mental impairment limited her to carrying out 3 to 4 step instructions was capable of performing the general office clerk job, both as performed by plaintiff and as generally performed in the national economy. (See AR 17, 63.) The vocational expert's testimony constituted a deviation from the job requirements set forth in the Dictionary of Occupational Titles, and specifically a deviation from the Reasoning Level 3 requirement. See Pharris v. Astrue, 2011 WL 3882508, *12 (E.D. Cal. Sept. 2, 2011) ("A limitation to three and four step instructions is consistent with jobs requiring Reasoning Level 2."); Burns v. Astrue, 2010 WL 4795562, *8 (C.D. Cal. Nov. 18, 2010) ("The ALJ's reference to three and four step instructions does not mean that Claimant can perform Reasoning Level 3 jobs.").

The Ninth Circuit has held that SSR 00-4p explicitly requires that the ALJ inquire of the vocational expert whether the vocational expert's testimony deviates from the DOT and whether there is a reasonable explanation for any deviation. See Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th Cir. 2007). The ALJ did not do so here. See also Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir. 1997) (reversing inter alia on the ground that the job categories the ALJ found

---

[4] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

suitable for the claimant were all inconsistent with the claimant's documented impairments, including his poor reasoning skills, and neither the ALJ nor the vocational expert had explained the reason for departing from the DOT); Johnson, 60 F.3d at 1435 (making "explicitly clear" that "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

Moreover, the Court is unable to find that the ALJ's Step Four error was harmless. Although the ALJ alternatively found that plaintiff also was capable of performing other work in the national economy (see AR 17-18), the Commissioner did not dispute plaintiff's contention that the other jobs identified by the VE also were inconsistent with plaintiff's limitations (see Jt Stip at 9-13); rather, the Commissioner merely asserted that plaintiff's contention in this regard was "irrelevant and immaterial" based on the ALJ's Step Four determination that plaintiff was capable of performing her past relevant work. (See Jt Stip at 17.)

## ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, supra.

//
//
//
//
//

1  This is not an instance where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: November 3, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.